Ginam Lee (SBN 204561)
Jay Hong (SBN 233818)
LEGACY PRO LAW, PC
3600 Wilshire Boulevard, Suite 1510
Los Angeles, CA 90010
Tel.  (213) 382-8051
Fax. (866) 203-0408
E-mail:  glee@LawLPL.com
E-mail: jhong@LawLPL.com

Attorneys for Plaintiff, C&SM Intl.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C&SM INTL., a South Korean Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLOSET SIGNATURE, a California Corporation; NUMBER 1 CLOTHING, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: _____<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **VICARIOUS COPYRIGHT INFRINGEMENT**<br>3. **CONTRIBUTORY COPYRIGHT INFRINGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff C&SM Intl., ("Plaintiff") complains as follows:

Plaintiff creates unique 2-dimensional graphic artworks for use on textiles and garments.  Plaintiff owns these designs exclusively.  Plaintiff conducts sales of products bearing these designs for profit.   Plaintiff's business is predicated on their ownership of these designs.  Plaintiff spends a substantial amount of time, resources, and goodwill creating, marketing, and selling either these designs or products that bear these designs.

Plaintiff's vendors take Plaintiff's design samples with the understanding that they will only utilize Plaintiff to reproduce said designs, and will not make any

changes to Plaintiff's intellectual property. No party is authorized to make sales of products bearing Plaintiff's designs without Plaintiff's express written permission.

Plaintiff brings this action to recover damages for direct, vicarious, and contributory copyright infringement arising out of the misappropriation of Plaintiff's exclusive designs by the Defendants, and each of them.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. C&SM Intl., ("Plaintiff") is a corporation organized and existing under the laws of Republic of Korea, with its principal place of business at NO.1105, Keumkang Plaza, Chung Sa Ro 49, Uijeongbu-si, Kyeonggi-do, Republic of Korea.

5. Plaintiff is informed and believes and thereon alleges that Defendant Closet Signature Fashion Valley Mall, a California Corporation, is, and at all times herein mentioned was, a corporation, organized and existing under the laws of California and doing business in California, with its principal place of business at 7007 Friars Rd., Suite 211B, San Diego, CA 92108.

6. Plaintiff is informed and believes and thereon alleges that Defendant Number 1 Clothing, Inc., a California Corporation, is, and at all times herein mentioned was, a corporation, organized and existing under the laws of California

and doing business in California, with its principal place of business at 2649 Long Beach Avenue, Los Angeles, CA 90058.

7. Named Defendants, and DOES 1-10, may be collectively referred to as "Defendants."

8. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 5, inclusive, are manufacturers and/or vendors of garments to Defendant, which Defendants DOES 1 through 5 have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise, and capacities of Defendants sued herein as DOES 1 through 5 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of Defendants designated as a DOE is responsible in some manner for the events alleged herein and the damages caused thereby.

9. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, and capacities of Defendants sued herein as DOES 6 through 10 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained.

10. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto each of the Defendants acted in concert with each other, was

3
**FIRST AMENDED COMPLAINT**

the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conducts alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful conducts and Plaintiff's damages caused therefrom.

## CLAIMS RELATED TO DESIGN

11.     Plaintiff is the owner and author of a two-dimensional artwork under title "C&SM 19" ("Subject Design"). (Exhibit A).

12.     Plaintiff has a registered copyright from the United States Copyright Office for the Subject Design and was granted Registration No. VA0001942770 on February 18, 2015. (Exhibit B).

13.     Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design, and negotiated sales of fabric bearing the Subject Design.

14.     Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design. A true and correct copy of such garments are attached hereto as Exhibit C and Exhibit D. Said garments include but are not limited to garments sold by Closet Signature Fashion Valley Mall and Number 1 Clothing, Inc.

15.     At various times Defendants Closet Signature Fashion Valley Mall and Number 1 Clothing, Inc. owned and controlled offline and/or online retail stores, and each of them, Plaintiff's investigation revealed that garments comprised of fabric bearing the Subject Design were being offered for sale, garments which were

manufactured and/or imported under the direction of the Defendants, and each of them.

16. None of the aforementioned transactions were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

17. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained hereto, inclusive, of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design(s) through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other vendors and/or DOE Defendants; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, marketing, advertising, creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing and/or selling infringing garments through a nationwide network of retail stores, catalogues, and online websites.

20. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

21. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design(s). As

such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious Copyright Infringement – Against All Defendants)

24. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained hereto, inclusive, of this Complaint.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the direct infringing conduct by their authority, ability, and/or control to request, change, suggest, or decline the design featured on the accused garment.

26. Plaintiff is informed and believes and thereon alleges that the Defendants had a direct financial interest in the infringer's activity by profiting from featuring the desirable Subject Design(s) on the accused garment while declining to exercise their right and/or obligation to stop or limit the infringement by requesting, changing, or suggesting a different design or declining to buy the garment featuring the Subject Design.

27. By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design(s). As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## THIRD CLAIM FOR RELIEF

(Contributory Copyright Infringement– Against All Defendants)

30. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained hereto, inclusive, of this Complaint.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, caused, materially contributed to, participated in, encourages, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertising, distribution and/or sales of product featuring the Subject Design(s) as alleged herein above.

32. By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

33. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the

Subject Design(s). As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design(s), an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

Against All Defendants With respect to Each Claim for Relief:

1. That Defendants, their agents and servants be enjoined from infringing Plaintiff's copyrights in any manner;

2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at time of trial as available under 17 U.S.C. § 504(b), or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504(c);

3. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

4. That Plaintiff be awarded pre-judgment interest as allowed by law;

5. That Plaintiff be awarded costs of litigation; and

6. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Defendant demands a trial by jury on all issues so triable.

8

**FIRST AMENDED COMPLAINT**

DATED: June 8, 2017         **LPL LAWYERS**

BY: _____
Ginam Lee, Esq.
Jay Hong, Esq.
Attorneys for PLAINTIFF C&SM Intl.